In the Matter of the Estate of HENRY BRINKMANN Deceased. AUGUSTA DE LA MEILLEURE, Appellant; JOSEPH J. JARRARD et al., Respondent.

Ughetta, Rabin, Benjamin and Munder, JJ., concur; Beldock, P. J., dissents and votes to affirm the order, with the following memorandum: In my opinion, according to the language of the joint will, it is the will of the one who predeceased the other. I construe the will as providing for an outright devise and bequest by each to the other of his or her property, thereby vesting ownership in the survivor with the full right to sell or dispose of same by will or otherwise. It imports an independent disposition by each of his or her own property and not a present joint disposition of the collective property of both, effective upon the survivor's death, which could then be deemed to have manifested an intent to bind one another to the disposition therein jointly made. Accordingly, any devise and bequest over, in the event of the subsequent death of the survivor, constituted an ineffective disposition of the other's property. In my opinion (a) the language of the devise over *in futuro*, in the event of the death of the survivor; (b) the fact that the provisions with respect to the disposition of the property of each are contained in separate paragraphs; and (c) the use of the pronouns "I" and "my", instead of "we" and "our", are significant. Accordingly, upon the death of the wife, the joint will became her will and was no longer the will of her husband. It was therefore not within the purview of section 140 of the Surrogate's Court Act, so as to require citing appellant in the proceeding to probate the husband's latter will, as a beneficiary of "any other will" executed by the husband (cf. *Rubenstein* v. *Mueller*, 19 N Y 2d 228).